Bright Star Battery Company (N. Y.), (A dissolved corporation) v. Commissioner. Bright Star Battery Company (N.J.) v. Commissioner. Bright Star Battery Company (N.J.), (Transferee) v. Commissioner.
Bright Star Battery Co. v. Commissioner
Docket Nos. 2351, 3663, 3664.
United States Tax Court
1944 Tax Ct. Memo LEXIS 291; 3 T.C.M. (CCH) 339; T.C.M. (RIA) 44117; April 11, 1944
*291 Louis Kadison, C.P.A., 233 Broadway, New York, N. Y., for the petitioners. Francis X. Gallagher, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: In Docket No. 2351 the respondent determined deficiencies in the income tax of Bright Star Battery Company in the amounts of $1,058.96 and $733.80 for the taxable years ended June 30, 1938 and June 30, 1939, respectively. The petitioner filed its petition under the name "Bright Star Battery Company (N. Y.), a dissolved corporation", alleging, inter alia, that in December 1939 the New York corporation was dissolved and all of its assets and liabilities were transferred to a New Jersey corporation of identical name, which corporation continued the operation of the business. In Docket No. 3663 the respondent determined deficiencies in income tax of Bright Star Battery Company (N.J.) in the amounts of $456.77 and $787.13 for the taxable years ended June 30, 1940 and June 30, 1941, respectively. The petitioner filed its petition in the name of Bright Star Battery Company (N.J.). In Docket No. 3664 the respondent proposed for assessment against Bright Star Battery Company (N.J.), as transferee, deficiencies in *292 the income tax of Bright Star Battery Company (N. Y.) in the amounts of $1,058.96, $733.80 and $369.96 for the taxable years ended on June 30, of the years 1938, 1939 and 1940. Answers were duly filed and the cases came on for hearing on the Circuit Calendar at New York, New York, where it was admitted by counsel for the petitioner that the New Jersey corporation was a transferee of the New York corporation and agreed that the sole issue was the correct amount of depreciation. Petitioner's counsel at the outset offered in evidence a copy of a revenue agent's report. Objection was made by the respondent. It not appearing from the notices of deficiency and it not being otherwise established that the proffered report was the basis of respondent's action in determining the deficiencies or was proper evidence, the objection was sustained by the court. Counsel for petitioner was advised that the burden of proof rested on petitioner. The petitioner called one witness who testified as to the nature of its business and that no disposals of the equipment had been made. Counsel for petitioner then stated as follows: * * * I would like to submit in evidence some of the company's records, *293 but if we can't go on very much with the witness I would not feel inclined to tie up our records here. Whereupon the court said: That is for you to decide. It is not for me. If you do not wish to tie up your records you can submit photostatic copies. After a brief further statement by counsel, petitioner rested its case. The record before us containing no evidence justifying a reversal or revision of the respondent's action, we have no alternative to giving decision for the respondent. Decisions will be entered for the respondent in Docket Nos. 2351 and 3663. Decision of transferee liability will be entered in Docket No. 3664.